# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-cr-136 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MONTORIO WATKINS, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On March 28, 2024, *pro se* defendant Montorio Watkins ("Watkins" or "defendant") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 44 (§ 2255 Motion).)[1] Relying on the Supreme Court's 2022 decision in *New York State Riffle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022), Watkins argues that his conviction for being a felon in possession of a firearm and ammunition, under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), is unconstitutional. (*Id.* at 1–2.) Plaintiff United States of America (the "government") has filed an opposition to the motion (Doc. No. 45 (Response)) challenging the motion as untimely and the arguments procedurally defaulted. Watkins has filed a reply (Doc. No.

---

[1] The prison mailbox rule, announced in *Houston v. Lack*, 487 U.S. 266, 270–72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), provides that a federal prisoner's *pro se* motion to vacate is ordinarily deemed filed on the date that it was submitted to prison mailing officials. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). While Watkins' motion was filed on the docket on April 2, 2024, it appears that it was placed in the prison mail system on March 28, 2024. (*See* Doc. No. 44-1 (All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.).) Affording Watkins every benefit of the doubt, the Court will assume, for purposes of the government's timeliness argument, that Watkins' motion was filed on March 28, 2024.

46) and a supplement (Doc. No. 47) in support of his motion.

In addition to arguing that Watkin's motion is untimely and the arguments contained therein defaulted, the government also maintains that the motion fails on the merits because the felon-in-possession statute is constitutional on its face and as applied to Watkins. As set forth below, the Court agrees with the government on all fronts.

## I.     BACKGROUND

On March 17, 2022, a one-count indictment issued charging Watkins with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 1 (Indictment).) Specifically, the indictment provided that, on December 16, 2021, Watkins possessed a Smith & Wesson, Model SW380, .380 caliber pistol and six rounds of .380 caliber ammunition having previously been convicted of drug trafficking, assault on a peace officer, and being a felon in possession of a firearm and/or ammunition. (*Id.* at 1.)

On June 16, 2022, with the assistance of counsel, Watkins entered a guilty plea to the sole charge in the indictment. (Minutes of Proceeding [non-document], 6/16/2022; *see* Doc. No. 24 (Consent to Appear before the Magistrate Judge); Doc. No. 25 (Report and Recommendation ("R&R")); Doc. No. 36 (Order Adopting the R&R and Accepting the Guilty Plea).) On September 29, 2022, the Court sentenced Watkins to a custody term of 83 months, to be followed by 3 years of supervised release. (Doc. No. 37 (Judgment); Minutes of Proceedings [non-document], 9/29/2022.) Watkins did not take a direct appeal from the Court's judgment. Instead, he filed the present motion to vacate on March 28, 2024.

## II.    STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (2003)). A court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent

3

collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id.* Indeed, "[b]ecause courts must be able to rely on a defendant's statements during a plea colloquy, 'allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Caruthers v. United States*, No. 3:07-cr-0635, 2008 WL 413631, at *5 (M.D. Tenn. Feb 12, 2008) (quoting *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)). Therefore, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Posey v. United States*, No. 3:20-cv-00121, 2020 WL 2129235, at *9 (M.D. Tenn. May 5, 2020) (quoting *Lemaster*, 403 F.3d at 221–22). That is because "[t]he plea colloquy process exists in part to prevent defendants from making such claims [of misrepresentation and a lack of understanding]." *Barnett v. United States,* No. 2:10-cr-116, 2017 WL 160896, at *4 (E.D. Tenn. Jan. 13, 2017) (citing *Ramos v. Rogers*, 170 F.3d 560, 560–66 (6th Cir. 1999)). "Otherwise, a defendant could plead guilty in the hope of obtaining favorable treatment during sentencing while reserving the right to raise all manner of constitutional claims if the result of the sentencing process was not as he had hoped." *Id.* at *7.

Accordingly, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No.

93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See generally Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. The undisputed facts in the record demonstrate that Watkins has procedurally defaulted on his claim, and that the motion, itself, is time-barred and otherwise entirely without merit.

## III.    DISCUSSION

### A.  Watkins' Second Amendment Claim is Procedurally Defaulted

The government argues that Watkins is procedurally barred from pursuing his Second Amendment challenge under *Bruen* in a § 2255 motion because he failed to raise it before this Court or on direct appeal. (Doc. No. 45, at 2.) As the government correctly observes, "*Bruen* was decided on June 23, 2022, *while Watkins' case was pending before this Court*." (*Id.* (emphasis in original).) Watkins entered his guilty plea on June 16, 2022, and it was thereafter accepted by the Court. (*See* Doc. No. 36.) Watkins was not sentenced until September 29, 2022, affording ample time in which to file a motion to dismiss. And, at the very least, Watkins had both the opportunity and the ability to raise the issue on direct appeal but failed to do so.

A criminal defendant may not utilize a § 2255 motion as a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 . . . should not be considered a substitute for direct appeal."); *see Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). As a result, is well settled that issues not raised on direct appeal are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1064, 140 L. Ed. 2d 828 (1998); *United States v. Frady*, 456 U.S. 1584, 1603–04, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1998)).

Watkins has not argued cause and prejudice to establish his failure to raise the claim before this Court prior to sentencing or on direct appeal. Alternatively, he has failed to demonstrate that he is actually innocent of the crime of being a felon-in-possession, and his claim that § 922(g)(1) is unconstitutional cannot establish that he is actually (and factually) innocent of the charge in the indictment. *See Bousley*, 523 U.S. at 623–24 (noting that "'actual innocence' means factual innocence, not mere legal insufficiency") (citing *Sawyer v. Witley*, 505 U.S. 333, 339, 112, S. Ct. 2514, 120 L. Ed. 2d 269 (1992)). Rather, to establish actual innocence, Watkins would have had to demonstrate that, "'in light of all the evidence,' it is more likely than not that no reasonable juror would have convicted him." *Id*. (quoting *Schlup v. Delo,* 513 U.S. 298, 327–28, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) (further quotation marks and citation omitted)). Watkins has not established that it is more likely than not that no reasonable juror would have convicted him on the evidence in this case, and, in fact, he admitted to the factual predicate underlying the charge,

as set forth by the government, at the time he entered his guilty plea. (*See* Doc. No. 26 (Change of Plea Hearing Transcript), at 26–29.) He has, therefore, failed to establish a basis for excusing the procedural default in this case, and the motion is denied for this reason alone.

### B.  Watkins' Motion is Time-Barred

The government also challenges the motion to vacate on timeliness grounds. (*See* Doc. No. 45, at 2.) The Anti-Terrorism and Effective Death Penalty Act ("ADEPA") "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). Specifically, a prisoner must file his § 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the judgment of conviction was entered on September 29, 2022. Because Watkins did not appeal his conviction or sentence, the one-year statute of limitations period began to run 14 days later on October 13, 2022. *See Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (where the defendant "does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed" (citing *Sanchez-Castellano v. United States*,

358 F.3d 424, 427 (6th Cir. 2004))); *see also* Fed. R. App. P. 4(b)(1)(A)(i) (allowing for a direct appeal to be taken within 14 days of the entry of judgment). Watkins was required to file his § 2255 motion by October 13, 2023. Instead, he filed the instant motion more than 5 months after the limitations period had expired. Accordingly, the motion is not timely under § 2255(f)(1).

Watkins does not identify an impediment created by the government or new facts supporting a claim that were subsequently discovered through the exercise of due diligence. *See* § 2255(f)(2), (4). And while Watkins premises his motion to vacate on the Supreme Court's ruling in *Bruen*, he cannot rely on § 2255(f)(3)—providing for the filing of a motion to vacate within one year of the announcement of a new right recognized by the United States Supreme Court and made retroactively available to individuals on collateral review—to justify the delay in filing the present § 2255 motion. As recently recognized by the Sixth Circuit, the Supreme Court in *Bruen* did not announce a new rule of constitutional law for convicted felons. *See In re Clark*, No. 23-1401, 2023 U.S. App. LEXIS 30481, at *3 (6th Cir. Nov. 15, 2023) (denying permission to file a second or successive habeas petition challenging the constitutionality of a § 922(g)(1) conviction, concluding that "*Bruen* did not 'cast doubt on longstanding prohibitions on possession of firearms by felons'" (quoting *Bruen*, 597 U.S. at 81 (Kavanaugh, J., concurring))) (only LEXIS cite available). *See, e.g., Harbin v. United States*, No. 1:20-cr-802, 2024 WL 757103, at *3 (N.D. Ohio Feb. 22, 2024) (denying § 2255 motion premised on *Bruen* as time-barred, in part, because *Bruen* did not create a new right initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review (citing *In re Clark*, 2023 U.S. App. LEXIS 30481, at *3)).

In any event, Watkins did not file his motion within one year of the Supreme Court's ruling in *Bruen*, which was decided on June 23, 2022. Rather, Watkins' motion was not filed until March

8

28, 2024. Accordingly, even if *Bruen* had announced a new constitutional rule made retroactively applicable to prisoners on collateral review (which it did not) and Watkins could not have raised it on direct appeal (which he could have), Watkins would have been too late to avail himself of the ruling in *Bruen*. *See, e.g., Harbin*, 2024 WL 757103, at *4. Because Watkins' § 2255 motion is untimely, it is denied for this additional reason.

### C.  Watkins' Conviction does not Violate the Second Amendment

Even if the Court reached the merits of Watkins' motion, it would find no basis for vacating his conviction and sentence under § 922(g)(1). This Court has already exhaustively addressed the constitutionality of § 922(g)(1) in the wake of *Bruen*, and it has specifically rejected the arguments now raised by Watkins in his § 2255 motion in that prior decision. *United States v. Brown*, No. 1:22-cr-704, 2023 WL 7323335, at *4 (N.D. Ohio Nov. 7, 2023) (holding that "[t]his Court is bound by Supreme Court and Sixth Circuit precedent finding restrictions on gun ownership by convicted felons, such as those found in § 922(g)(1), constitutional"); *see United States v. Lucas*, No. 5:22-cr-561, 2024 WL 895317 (N.D. Ohio Mar. 1, 2024) (same). In so ruling, the Court joined the "vast majority of courts to address the issue" and concluded that "*Bruen* did not 'overturn, re-write, or alter' the Supreme Court's prior determinations that restrictions on the right of convicted felons to possess weapons are constitutional." *Brown*, 2023 WL 7323335, at *2–4 (collecting cases and noting that "the Supreme Court has been *consistently* clear that its Second Amendment jurisprudence has cast no doubt on the validity of the prohibitions on the possession of firearms by convicted felons" (citations omitted) (emphasis in original)).

Watkins' facial challenge to § 922(g)(1) fails to provide any compelling reason for the Court to deviate from its prior decisions on this matter—consistent with binding precedent from

the Supreme Court and the Sixth Circuit[2] and the clear majority of decisions from other courts—
that *Bruen* does not cast doubt on the constitutionality of § 922(g)(1).[3] For this additional reason,
Watkins' motion to vacate must be denied.

## IV.    CONCLUSION

For the foregoing reasons, Watkins' motion to vacate is denied. Further, for all of the same
reasons, the Court finds that "reasonable jurists" would not debate the Court's denial of Watkins'
motion to vacate. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542
(2000). Accordingly, the Court certifies that an appeal from this decision could not be taken in

---

[2] While the Sixth Circuit has not squarely addressed the constitutionality of felon-in-possession statutes following
*Bruen*, recent unreported decisions have signaled a likelihood that it will not disturb existing Sixth Circuit precedent,
including *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010), finding § 922(g)(1) constitutional. *See United
States v. Vaughn*, No. 23-5790, 2023 WL 9789018, at *1 (6th Cir. Sept. 28, 2023) (order denying motion for release
pending appeal, noting that "*Carey* remains the binding law in this circuit"); *In re Clark*, 2023 U.S. App. LEXIS
30481, at *3 (denying permission to file a second or successive habeas petition challenging the constitutionality of §
922(g)(1) conviction, concluding that *Bruen* did not "cast doubt on longstanding prohibitions on possession of firearms
by felons" (quoting *Bruen*, 597 U.S. at 81 (Kavanaugh, J., concurring)))) (only LEXIS cite available). *See also United
States v. Fanning*, No. 1:23-cr-252, Doc. No. 41, at 4 (N.D. Ohio Jan. 16, 2024) (noting that "*Vaughn* and *Clark* are
unreported but serve as fairly recent illustrations of the Sixth Circuit's commitment to *Carey* post-*Bruen*").

[3] Watkins does not appear to advance an "as applied" challenge to § 922(g)(1). As noted, this Court has now
determined on multiple occasions—consistent with the vast majority of courts—that § 922(g)(1) is constitutional on
its face. Yet, even if the Court ascribed to the minority view, it would have found, at the very least, § 922(g)(1) is
constitutional as applied to individuals like Watkins who are *dangerous* felons. For example, in *Range v. Attorney
General*, the Third Circuit ruled that the government had not shown that it was consistent with the Nation's historic
tradition of firearms regulations to deprive the defendant of his Second Amendment right to keep and bear arms. 69
F.4th 96, 106 (3d Cir. 2023) (en banc). But the court emphasized that its decision was a "narrow one[,]" ruling on the
constitutionality of § 922(g)(1) "only as applied to" the defendant "given his violation of" a statute that prohibits
making false statements to obtain food stamps. *Id.* Unlike the defendant in *Range* and the defendants in other courts
adhering to the minority view, Watkins was previously convicted of drug trafficking and assault on a police officer,
neither of which could be "fairly characterized as analogous to the *Range* defendant's conviction of making a false
statement to obtain food stamps." *See United States v. El Bey*, 1:21-cr-110, 2024 WL 22701, at *4 (S.D. Ohio Jan. 2,
2024) (rejecting "as applied" challenge to § 922(g)(1) where defendant had previously been convicted of felonious
assault and kidnapping). As a result of his drug trafficking and assault convictions, Watkins would be unable to show
that, even under the minority view, application of § 922(g)(1) post-*Bruen* was unconstitutional as applied to him.

good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C.

§ 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.


Dated: June 12, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

11