UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-cr-136 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION & ORDER |
| MONTORIO WATKINS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On April 2, 2024, *pro se* defendant Montorio Watkins ("Watkins" or "defendant") filed a post-conviction motion "to dismiss and vacate" his conviction for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 44.) Citing the Supreme Court's ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022), Watkins argued that his § 922(g) conviction was unconstitutional. (*Id*. at 1.) The Court construed defendant's motion as a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. After the motion was fully briefed (*see* Doc. Nos. 45 (Response), 46 (Reply)), the Court denied the motion on three grounds: (1) the motion was time-barred, (2) the constitutional issue contained in the motion was procedurally barred, and (3) defendant's conviction did not violate the Second Amendment of the U.S. Constitution. (Doc. No. 48 (Memorandum Opinion and Order), at 5–10; Doc. No. 49 (Judgment Entry).)

On July 22, 2024, the Court received correspondence from defendant in which he appears to seek reconsideration of the Court's denial of his motion to vacate. (Doc. No. 50

(Correspondence).) In this filing, defendant indicates that he is concerned that his motion was received as a "'2255' motion of inaffective counsil [sic] and not what I was/am intending for it to be, as it was written, a simple 'Motion to Dismiss and/or Vacate my sentence and/or indictment." (*Id*. at 1.) Defendant concludes by requesting that his "Motion to Dismiss and/or Vacate the [§] 922(g)(1) indictment and 83-month sentence be reconsidered." (*Id*.)

To the extent defendant seeks reconsideration on the ground that the Court erred in construing his motion to dismiss the indictment as a motion for relief under § 2255, the motion is entirely without merit. It is well settled that post-conviction motions to dismiss an indictment are properly construed as motions to vacate, set aside, or correct the sentence under § 2255. *See United States v. Gastelum-Lara*, 478 F. App'x 303, 305 (6th Cir. 2012) (finding district court properly construed post-conviction motion to dismiss the indictment as defective as a second or successive § 2255 motion); *see, e.g., United States v. Taylor*, No. 3:21-cr-635, 2024 WL 3201112, at *1 (N.D. Ohio June 27, 2024) (post-conviction motion to dismiss indictment based on *Bruen* construed as a § 2255 motion); *United States v. Rodgers*, No. 10-cv-20770, 2019 WL 12043584, at *1 (E.D. Mich. Dec. 23, 2019) (construing post-judgment motion to dismiss the indictment as a second or successive motion to vacate under § 2255).

As for defendant's suggestion that the Court treated his post-conviction motion to dismiss as sounding in ineffective assistance of counsel, the motion for reconsideration is likewise without merit. At no point in its decision did the Court address any issues relating to the performance of defense counsel or base its decision on the effectiveness of counsel. As set forth above, the Court treated defendant's motion as raising a Second Amendment challenge to his conviction. The constitutional claim was rejected on procedural and timeliness grounds, as well as on the merits.

Accordingly, the present motion presents no basis for the Court to revisit its ruling.

For the foregoing reasons, defendant's motion for reconsideration is denied.

**IT IS SO ORDERED**.

Dated: August 5, 2024

                                          **HONORABLE SARA LIOI**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**