**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-cr-136 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| MONTORIO WATKINS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received correspondence from defendant Montorio Watkins ("Watkins") requesting the Court's assistance with placement in a half-way house located somewhere other than Cleveland, Ohio. (Doc. No. 52 (Correspondence).)

On September 29, 2022, the Court sentenced Watkins to a custody term of 83 months, following his guilty plea to being a felon in possession of a firearm and ammunition. (Doc. No. 37 (Judgment).) Watkins is serving his sentence at Petersburg Medium FCI and has a projected release date of February 14, 2028. (*See* https://www.bop.gov/inmateloc/, last visited July 9, 2026).

The Federal Bureau of Prisons ("BOP"), pursuant to 18 U.S.C. § 3624(c)(1), as amended by the Second Chance Act, Publ. L. No. 110-119, § 251(a), 122 Stat. 657 (Apr. 9, 2008), may place an inmate in a residential reentry center ("RRC") for no longer than 12 months at the end of his sentence. 18 U.S.C. § 3624(c)(1) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility."); *see Demis v. Sniezek*, 558 F.3d

508, 513–14 (6th Cir. 2009).

The BOP's decision whether to place a prisoner in an RRC at the end of his sentence is guided by five factors set forth in 18 U.S.C. § 3621(b). One of those factors is any statement from the sentencing court. § 3621(b)(4). The sentencing court, therefore, is permitted, where appropriate, to make a non-binding recommendation to the BOP. Notwithstanding any recommendation from the sentencing court, however, the BOP retains exclusive authority to determine if an inmate should be placed in such a setting and, if so, for how long. 18 U.S.C. § 3621(b); *see also Tapia v. United States*, 564 U.S. 319, 331, 131 S. Ct. 2382, 180 L. Ed. 2d 357 (2011) ("A sentencing court can *recommend* that the BOP place an offender in a particular facility or program. But decision[-]making authority rests with the BOP." (internal citation omitted, emphasis in original)).

The Court understands that, owing to the time remaining in his sentence, the BOP may not yet be in a position to evaluate Watkins for RRC placement. Nevertheless, should the BOP determine at the appropriate time that Watkins meets the requirements for RRC placement, the Court hereby recommends that he be considered for RRC placement in a facility located outside of Cleveland, Ohio. The Clerk is directed to serve a copy of this Opinion and Order on the Warden of Petersburg Medium FCI, Watkin's case manager at that facility, and Watkins.

**IT IS SO ORDERED**.

Dated: July 10, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**